UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CAROL LEE MEINHOLD, suing
individually and on behalf of
all others similarly situated,

          Plaintiff,

   v.

SPRINT SPECTRUM, L.P., a
Delaware limited partnership;
and defendant DOES 1 through
100, inclusive,

          Defendants.

NO. CIV. S-07-00456 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

    This matter comes before the court on defendant Sprint
Spectrum, L.P.'s ("Sprint") motion to dismiss plaintiff Carol Lee
Meinhold's ("Meinhold") complaint pursuant to Rules 12(b)(1),
12(b)(6), 9(b), and 23(b)(3) of the Federal Rules of Civil
Procedure.  The court heard oral argument on the matter on April
27, 2007.  For the reasons set forth below, defendant's motion to
dismiss plaintiff's complaint is GRANTED.

1

**BACKGROUND**[1]

2     In June 2004, plaintiff Meinhold and defendant Sprint

3  entered into defendant's cellular phone service agreement (the

4  "Agreement") in Rocklin, California.  (Complaint, Ex. 1 to Notice

5  of Removal, filed Mar. 9, 2007, ¶ 3).  Defendant advertises,

6  markets, and sells cellular phone services to consumers, such as

7  plaintiff.  (Id. ¶ 2).  As part of their advertising campaign,

8  defendant broadly represents that consumers will only be charged

9  for roaming fees if they make calls outside of the Sprint

10 Nationwide PCS Network or local service area (the "Network").

11 (Id.)  Defendant also represents that consumers will not be

12 charged excess roaming fees if they pay an additional sum of

13 money to include roaming coverage in their plans.  (Id.)

14 Defendant further represents to consumers that they will only be

15 responsible for download charges that are in excess of the

16 promotional credit that is included in their service plans, plus

17 any applicable taxes.  (Id.)

18     Plaintiff alleges that after entering into the Agreement,

19 defendant began to charge her for roaming minutes although her

20 calls were made within the Network and that defendant continued

21 to charge her for roaming minutes even after she paid an

22 additional monthly fee to add roaming coverage to her plan.  (Id.

23 ¶ 3).  Plaintiff also noticed that she was charged fees that were

24 in excess of the promotional credit included in her plan for

25 downloads that she did not request or receive.  (Id.)

26

27 _____

28     [1]   The facts of this case are taken from plaintiff's
   allegations in the complaint.

2

1    On February 5, 2007, plaintiff filed this action in the

2 Superior Court of the State of California for the County of

3 Placer, asserting claims for violations of Business and

4 Professions Code §§ 17200 and 17500 and violations of California

5 Civil Code §§ 1710(2) and 1710(3).  Plaintiff's claims are based

6 upon defendant's alleged "unlawful, unfair, and fraudulent

7 conduct in (1) charging excess roaming fees to consumers who

8 signed up for defendant's cellular service plans, and (2)

9 charging excess fees to consumers for downloading games,

10 applications, ringers, screensavers, etc.."  (Compl. ¶ 1).  On

11 March 9, 2007, defendant removed the case to this court on the

12 basis of diversity jurisdiction.

**STANDARD**

**A.    Rule 12(b)(1)**

15    Federal Rule of Civil Procedure 12(b)(1) allows a defendant

16 to attack a pleading for lack of subject matter jurisdiction.

17 Fed. R. Civ. P. 12(b)(1).  The court presumes a lack of subject

18 matter jurisdiction until it is proved otherwise.  See Kokkonen

19 v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994);

20 Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th

21 Cir. 1989).  The plaintiff bears the burden of proof that

22 jurisdiction exists.  See Stock West, Inc., 873 F.2d at 1225.

23 The nature of the burden depends on the type of jurisdictional

24 challenge.  A complaint will be dismissed for lack of subject

25 matter jurisdiction if (1) the cause does not "arise under" any

26 federal law or the United States Constitution, (2) there is no

27 case or controversy within the meaning of that constitutional

28

3

1 term, or (3) the cause is not one described by any jurisdictional

2 statute.  Baker v. Carr, 369 U.S. 186, 198 (1962).

3      A motion to dismiss for lack of subject matter jurisdiction

4 may attack either the allegations of the complaint (a "facial

5 attack"), or the existence of subject matter jurisdiction in fact

6 (a "factual attack").  See Thornhill Publ'g Co. v. General Tel. &

7 Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  If, as here,

8 the challenge is a factual attack, "the district court may review

9 evidence beyond the complaint without converting the motion to

10 dismiss into a motion for summary judgment."  Safe Air for

11 Everyone v. Mayer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The

12 court need not presume the truthfulness of the allegations in the

13 complaint.  Id.  "Once the moving party has converted the motion

14 to dismiss into a factual motion by presenting affidavits or

15 other evidence properly brought before the court, the party

16 opposing the motion must furnish affidavits or other evidence

17 necessary to satisfy its burden of establishing subject matter

18 jurisdiction."  Id. (quoting Savage v. Glendale Union High Sch.,

19 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

20      "Where the jurisdictional issue is separable from the merits

21 of the case, the judge may consider the evidence presented with

22 respect to the jurisdictional issue and rule on that issue,

23 resolving factual disputes if necessary."  Thornhill, 594 F.2d at

24 733.  However, where jurisdiction is "inextricably bound to the

25 merits of the case," Cameron v. Children's Hosp. Med. Ctr., 131

26 F.3d 1167, 1170 (6th Cir. 1997), such that resolution of the

27 jurisdictional inquiry depends on the resolution of the merits,

28 "the trial court should employ the standard applicable to a

4

1 motion for summary judgment." <u>Augustine v. United States</u>, 704

2 F.2d 1074, 1077 (9th Cir. 1983); <u>see also</u> <u>Careau Group v. United</u>

3 <u>Farm Workers of America</u>, 940 F. 2d 1291, 1293 (9th Cir. 1990).

4 "[T]he question of jurisdiction and the merits of an action will

5 be considered intertwined where . . . 'a statute provides the

6 basis for both the subject matter jurisdiction of the federal

7 court and the plaintiff's substantive claim for relief." <u>Sun</u>

8 <u>Valley Gasoline, Inc. v. Ernst Enters., Inc.</u>, 711 F.2d 138, 139-

9 40 (9th Cir. 1983) (quoting <u>Timberlane Lumber Co. v. Bank of</u>

10 <u>America</u>, 549 F.2d 597, 602 (9th Cir. 1976).

11 **B.   Rule 9(b)**

12      Rule 9(b) of the Federal Rules of Civil Procedure provides

13 that "[i]n all averments of fraud or mistake, the circumstances

14 constituting fraud or mistake shall be stated with

15 particularity."  In order to comply with the requirements of Rule

16 9(b), the circumstances constituting the alleged fraud "must be

17 'specific enough to give defendants notice of the particular

18 misconduct which is alleged to constitute the fraud charged so

19 that they can defend against the charge and not just deny that

20 they have done anything wrong.'"  <u>Bly-Magee v. California</u>, 236

21 F.3d 1014, 1019 (9th Cir. 2001) (quoting <u>Neubronner v. Milken</u>, 6

22 F.3d 666, 672 (9th Cir. 1993)).  "Averments of fraud must be

23 accompanied by 'the who, what, when, where, and how' of the

24 misconduct charged." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d

25 1097, 1106 (9th Cir. 2003) (quoting <u>Cooper v. Pickett</u>, 137 F.3d

26 616, 627 (9th Cir. 1997)).  The plaintiff "must set forth *more*

27 than the neutral facts necessary to identify the transaction.

28 The plaintiff must set forth what is false or misleading about a

1  statement, and why it is false."  Id. (quoting Decker v. GlenFed,

2  Inc., 42 F.3d 1541, 1548 (9th Cir. 1994)) (emphasis in original).

3                                  **ANALYSIS**

4  **A.   Standing**

5      The issue of standing is a threshold determination of

6  "whether the litigant is entitled to have the court decide the

7  merits of the dispute or of particular issues."  Warth v. Seldin,

8  422 U.S. 490, 498 (1975); Steel Co. v. Citizens For A Better

9  Env't, 523 U.S. 83 (1998).  Article III limits "the federal

10 judicial power 'to those disputes which confine federal courts to

11 a role consistent with a system of separated powers and which are

12 traditionally thought to be capable of resolution through the

13 judicial process.'"  Valley Forge Christian Coll. v. Americans

14 United For Separation of Church and State, Inc., 454 U.S. 464,

15 472 (1982) (quoting Flast v. Cohen, 392 U.S. 83, 97 (1968));

16 Steele, 523 U.S. at 102.  "Those who do not possess Article III

17 standing may not litigate as suitors in the Courts of the United

18 States."  Id. at 476.

19     The Supreme Court has set forth that "[t]he 'irreducible

20 constitutional minimum of standing' contains three requirements."

21 Steele, 523 U.S. at 102-03 (quoting Lujan v. Defenders of

22 Wildlife, 504 U.S. 555, 560 (1992)).  First, plaintiff must

23 allege an "injury in fact – a harm suffered by the plaintiff that

24 is concrete and actual or imminent, not conjectural, or

25 hypothetical."  Id. at 103 (internal quotations and citations

26 omitted).  Second, plaintiff must allege causation – "a fairly

27 traceable connection between the plaintiff's injury and the

28 complained-of conduct of the defendant."  Steele, 523 U.S. at

1 103. (citing <u>Simon v. E. Ky. Welfare Rights Org.</u>, 426 U.S. 26,

2 41-42 (1976).  Third, the injury must be redressable – there must

3 be "a likelihood that the requested relief will redress the

4 alleged injury.  <u>Steele</u>, 523 U.S. at 103 (citing <u>Simon</u>, 426 U.S.

5 at 45-46).

6     Defendant contends that plaintiff does not have Article III

7 standing to bring this suit because she has not suffered an

8 injury in fact.  This case has been removed to this court based

9 upon diversity jurisdiction pursuant to 28 U.S.C. § 1332.  As

10 such, jurisdiction is not conferred by any statute under which

11 plaintiff has brought her claims.  <u>Cf.</u> <u>Thornhill</u>, 594 F.2d 730.

12 Whether plaintiff has suffered an injury sufficient to confer

13 Article III standing is not "inextricably bound" to the

14 resolution of the merits of plaintiff's claims under California

15 state law and thus, is a separable inquiry.  <u>See</u> <u>Cameron</u>, 131

16 F.3d at 1170.  Therefore, the court does not employ the standard

17 applicable to a motion for summary judgment and considers the

18 evidence presented by the parties with respect to the

19 jurisdictional issue, resolving factual disputes if necessary.

20 <u>See</u> <u>Thornhill</u>, 594 F.2d at 733.

21     Specifically, defendant asserts that plaintiff has not

22 suffered an injury in fact with respect to her claims arising out

23 of roaming charges[2] because (1) defendant made her whole through

24 the issuance of credits for any roaming charges that she had

25 paid; and (2) she is no longer assessed roaming charges on any of

26

27     [2]  At oral argument, defendant conceded that plaintiff had
standing for her claims arising out of the assessment of
28 downloading fees.

7

1  her five phone numbers.  (Decl. of Brandon Howard ("Howard

2  Decl."), filed Mar. 16, 2007, ¶ 7).  In response, plaintiff

3  submits an affidavit, declaring (1) that the credit issued by

4  Sprint did not remedy all the charges in dispute at the time that

5  the credit was issued; and (2) that she still incurred additional

6  roaming charges on the invoice that she received from Sprint in

7  September 2006.  (Decl. of Carol Lee Meinhold in Supp. of Opp'n

8  to Def.'s Mot. to Dismiss ("Meinhold Decl."), filed Apr. 13,

9  2007, ¶¶ 3-4).

10      In its reply, Sprint presents evidence that on August 22,

11  2006, Sprint revised plaintiff's account so that she is no longer

12  assessed roaming charges on any of her five phone numbers.

13  (Decl. of Brandon Howard in Supp. of Def.'s Reply ("Howard Reply

14  Decl."), filed Apr. 20, 2007, ¶ 4).  Specifically, defendant

15  attaches plaintiff's billing statements from August 22, 2006

16  until March 22, 2007.  (Exs. A-D to Howard Reply Decl.).  On

17  Meinhold's August 22, 2006 billing statement, Sprint issued a

18  credit of $204.65 for the roaming fees that she had paid.  (Id.)

19  However, as a result of processing time, a roaming charge of

20  $3.00 was assessed to plaintiff on her September 22, 2006 billing

21  statement.  (Id. ¶ 5).  Subsequently, Sprint reversed the roaming

22  charges assessed to Meinhold on her September statement and

23  credited her $3.13 on her October 22, 2006 billing statement.

24  (Id. ¶ 6).  Plaintiff has not been billed for any roaming charges

25  since her September 22, 2006 billing statement.  (Id. ¶ 7).

26

27

28

8

1    In a supplemental declaration filed by plaintiff,[3] she

2  asserts that since June 22, 2004, Sprint charged her a total of

3  $282.50 in disputed roaming charges.  (2d. Supp. Decl. of Carol

4  Lee Meinhold in Resp. to Def.'s Reply ("2d. Supp. Meinhold

5  Decl."), filed May 4, 2007, ¶ 6).  While plaintiff acknowledges

6  that defendant issued her credits in the total amount of $261.80,

7  (Id. ¶ 7), plaintiff contends that she has suffered an economic

8  injury due to the disputed roaming charges that have not been

9  credited to her account in the amount of $20.70.  (Id. ¶ 8).

10  Plaintiff also states that Sprint charged her fees for downloads

11  that she did not request or receive.  (Supp. Decl. of Carol Lee

12  Meinhold in Resp. to Def.'s Reply ("Supp. Meinhold Decl."), filed

13  Apr. 24, 2007, ¶ 4).

14    In defendant's supplemental reply, defendant does not assert

15  that plaintiff's billing records do not support her alleged

16  injury from roaming charges in the amount of $20.70.  Rather,

17  defendant argues that plaintiff cannot claim that she was injured

18  for roaming charges incurred between June 24, 2004 and May 23,

19  2005 because plaintiff never complained to Sprint before about

20  these charges and thus, acquiesced in their validity.

21    Defendant's argument is not well taken.  Defendant

22  originally moved to dismiss plaintiff's claims for injuries

23  arising out of assessed roaming charges for lack of standing

24  because it asserted that it had already credited plaintiff for

25

26    [3]  Because defendant presented new evidence in support of
its reply, the court will consider plaintiff's unauthorized
supplemental declaration.  At oral argument, the court ordered
27  plaintiff to submit the billing statements upon which she relied
in her supplemental declaration, and allowed defendant to file
28  any additional evidence in response.

1 all assessed roaming charges that were in dispute.  In

2 opposition, plaintiff presented evidence that she did not receive

3 a credit for certain roaming charges that she disputes as

4 improperly assessed.  In response, defendant does not assert that

5 these roaming charges were credited, but that these charges were

6 proper.  In support of this contention, defendant proffers

7 evidence only that plaintiff has repeatedly contacted defendant

8 about concerns with her bill and that she did not contact

9 defendant about these charges specifically.  Such evidence is

10 insufficient to rebut plaintiff's documented evidence that she

11 suffered an injury in fact arising out of the assessment of

12 roaming charges.  Therefore, plaintiff has set forth an injury

13 arising out of the imposition of roaming charges sufficient to

14 allege Article III standing.

15      However, while plaintiff has proffered sufficient evidence

16 demonstrating that she has suffered injury in fact from the

17 imposition of roaming and downloading fees by defendant,

18 plaintiff has not demonstrated that she has standing to seek

19 prospective relief for her claims arising out of roaming fees.

20 Where a party seeks prospective relief, she must establish that

21 there is "a likelihood of future injury."  White v. Lee, 227 F.3d

22 1214, 1242 (9th Cir. 2000).  "Past exposure to illegal conduct

23 does not in itself show a present case or controversy regarding

24 injunctive relief if unaccompanied by any continuing, present

25 adverse effects."  Lujan, 504 U.S. at 564 (internal quotations

26 omitted).  Defendants have presented evidence that plaintiff's

27 account was adjusted so that she was no longer assessed roaming

28 charges, and that plaintiff has not been assessed any charges for

1 roaming calls made after August 22, 2006.  (Howard Reply Decl. ¶

2 7).  Plaintiff has proffered no evidence to the contrary.[4]  As

3 such, there is insufficient evidence that, at the commencement of

4 litigation in February 2007, there was a likelihood that

5 defendant Sprint would assess roaming fees to plaintiff Meinhold

6 in the future.  See Lujan, 504 U.S. at 563-64; cf. White, 227

7 F.3d at 1242-43 (finding that a temporary policy in place for a

8 month did not defeat the likelihood of future injury).

9 Therefore, plaintiff lacks subject matter jurisdiction to

10 litigate her claims for prospective relief based upon roaming

11 charges assessed by defendant, and defendant's motion to dismiss

12 such claims for prospective relief are GRANTED without leave to

13 amend.[5]

14 **B.   Failure to Plead Fraud with Particularity**

15      Defendant asserts that plaintiff's complaint should be

16 dismissed because she fails to plead fraud with particularity.

17 Plaintiff argues that not all of her claims are grounded in

18 fraud, but that to the extent they are, she has adequately

19 alleged facts supporting her claims.  Plaintiff contends that she

20

---

21      [4]   At oral argument, plaintiff conceded that she did not
have standing to seek prospective relief in regards to her claims
22 arising out of assessed roaming charges.

23      [5]   Defendant's motion to dismiss pursuant to Rule 12(b)(6)
is based upon its argument that plaintiff has not suffered an
24 injury in fact.  Because the court found that plaintiff has
demonstrated sufficient standing to assert at least some of her
25 claims, the court does not address the merits of defendant's Rule
12(b)(6) motion.  Further, a motion for 12(b)(6) addresses only
26 the sufficiency of the allegations in the complaint.  Cruz v.
Beto, 405 U.S. 319, 322 (1972).  To the extent defendant's
27 arguments relating to injury are based on facts outside of the
complaint, the court cannot consider such facts under a Rule
28 12(b)(6) analysis.

1  does not need to meet Rule 9(b)'s heightened pleading requirement

2  with respect to her claims brought pursuant to §§ 17200 and 17500

3  of the Business and Professions Code because fraud is not a

4  necessary element of these claims, nor are her claims grounded in

5  fraud.

6        "In cases where fraud is not a necessary element of a claim,

7  a plaintiff may choose nevertheless to allege in the complaint

8  that the defendants has engaged in fraudulent conduct."  Vess,

9  317 F.3d at 1103.  The Ninth Circuit has held that in such cases,

10 where fraudulent conduct is the basis of the claim, that claim is

11 "grounded in fraud" and "the pleading of that claim as a whole

12 must satisfy the particularity requirement of Rule 9(b)."  Id. at

13 1103-04 (citations omitted).  Claims may be "grounded in fraud"

14 where a plaintiff alleges a uniform course of fraudulent conduct.

15 Id. at 1103.  Under California law, the "indispensable elements

16 of a fraud claim include a false representation, knowledge of its

17 falsity, intent to defraud, justifiable reliance, and damages."

18 Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996) (superceded

19 by statute on other grounds) (citing Bank of the West v. Valley

20 Nat'l Bank of Arizona, 41 F.3d 471, 477 (9th Cir. 1994)).

21      Plaintiff's allegations relating to her claim under § 17200

22 provide that "[t]he unlawful, unfair, and *fraudulent* business

23 practices by defendants," as described in the preceding

24 allegations of her claim, "present a continuing threat to

25 Plaintiff" who suffered and continues to suffer monetary loss as

26 a result of these practices.  (Compl. ¶ 23) (emphasis added).

27 Plaintiff's allegations relating to her claim under § 17500

28 provide that defendant made representations that it knew or

12

1 should have known were untrue or misleading and that defendants

2 will continue to do so.  (Compl. ¶¶ 27-29).  Such facts

3 necessarily imply fraud by defendant.[6]  Further, the factual

4 basis for all of plaintiffs' claims arise out of a uniform course

5 of alleged fraudulent conduct, specifically, the false and

6 misleading statements allegedly made by defendant through its

7 advertising and marketing.  (Compl. ¶¶ 1-2) ("This is a consumer

8 action by Plaintiff . . . to secure [relief] based upon

9 defendant's unlawful, unfair, and *fraudulent* conduct.") (emphasis

10 added).  Therefore, all of plaintiff's claims are "grounded in

11 fraud" such that she must meet 9(b)'s heightened pleading

12 standard.[7]

13     In this case, plaintiff failed to identify any specific

14 statement made by defendant, let alone explain why such specific

15 statements were fraudulent.  See Moore, 96 F.3d at 145-46

16 (holding that the requirements of 9(b) were not satisfied where

17 specific statements or actions were not identified).  Plaintiff

18 _____

19     [6]     Plaintiff argues that defendant's knowledge of wrongdoing or of the falsity is not necessary to a claim under § 17500.  While this may be true, plaintiff has alleged that

20 defendant knowingly misled plaintiff and the public and continues to do so.

21

22     [7]     Plaintiff relies heavily on the Northern District's opinion in Qarbon.com v. eHelp Corp., 315 F. Supp. 2d 1046 (N.D. Cal. 2004).  However, the facts of Qarbon are readily

23 distinguishable from the facts alleged in plaintiff's complaint. In Qarbon, the counterclaimant, eHelp Corp., alleged that Qarbon

24 was enforcing an invalid patent in bad faith.  Id. at 1052. Counterclaimaint's assertions neither contained the word "fraud"

25 nor alleged that Qarbon intended to defraud the public or that the public justifiably relied on the misrepresentation.  In this

26 case, not only does the plaintiff explicitly refer to defendant's alleged "fraudulent" conduct throughout the complaint, she also

27 alleges facts that give rise to intent and reliance by the public.  Therefore, plaintiff's argument is entirely without

28 merit.

1  generally alleges that false or misleading statements were made

2  to her and the public through Sprint's advertisements.  Meinhold

3  does not identify what advertisements she is referring to, when

4  she saw them, where she saw them, or how the statements made in

5  those specific advertisements were untrue or misleading.  Such

6  general allegations are insufficient to give defendant notice of

7  the particular misconduct charged by plaintiff.  See, e.g., Vess,

8  317 F.3d at 1106 (dismissing plaintiff's fraud claims where

9  plaintiff failed to provide the particulars of when, where, or

10 how the alleged conspiracy occurred); United States v. SmithKline

11 Beecham, 245 F.3d 1048, 1051 (9th Cir. 2001) (holding that broad

12 allegation that the defendant "knowingly . . . changed control

13 numbers to wrongfully represent lab results did not satisfy Rule

14 9(b) where the plaintiff did not specify the types of tests, the

15 employees who performed the tests, or the dates, time, or places

16 where the tests were conducted); Decker, 42 F.3d at 1547-48

17 (requiring the plaintiff to state the time, place, and content of

18 an alleged misrepresentation and explain why the statement is

19 false and misleading in order to satisfy Rule 9(b)); cf. Cooper,

20 137 F.3d at 627 (holding that the plaintiff satisfied the

21 requirements of Rule 9(b) where a complaint for excessive revenue

22 recognition identified some of the specific customers defrauded,

23 the four types of improper revenue recognition, the general time

24 frame in terms of financial quarters, that the fraud arose out of

25 financial statements, and that plaintiff was misled by

26 defendant's claiming that its policy was stricter than it was).

27 Rather, plaintiff's general allegations would put defendant in

28 the untenable position of having to deny that it has ever done

14

1 anything wrong in regards to its advertising and marketing, a

2 circumstance that Rule 9(b) demands be avoided.  <u>See</u> <u>Vess</u>, 317

3 F.3d at 1106.  Therefore, because plaintiff has not pled her

4 allegations of fraud with particularity, defendant's motion to

5 dismiss is GRANTED with leave to amend.[8]  <u>See</u> <u>Doe v. United</u>

6 <u>States</u>, 58 F.3d 494, 497 (9th Cir. 1995) ("In dismissing for

7 failure to state a claim, a district court should grant leave to

8 amend even if no request to amend the pleading was made, unless

9 it determined that the pleading could not be cured by the

10 allegation of other facts.") (citations and quotations omitted);

11 <u>see also</u> <u>Vess</u>, 317 F.3d at 1107 (holding that dismissals under

12 Rule 9(b) are functionally equivalent to dismissals under Rule

13 12(b)(6) and should be without prejudice if defects are curable).

14                              **CONCLUSION**

15     For the foregoing reasons, defendant's motion to dismiss

16 plaintiff's complaint is GRANTED.  Plaintiff is granted twenty

17 (20) days from the date of this order to file a first amended

18 complaint in accordance with this order.  Defendant is granted

19 thirty (30) days from the date of service of plaintiff's first

20 amended complaint to file a response thereto.

21     IT IS SO ORDERED.

22 DATED: May 16, 2007

23

24 _____

25     FRANK C. DAMRELL, JR.
        UNITED STATES DISTRICT JUDGE

26 _____

27     [8]     Because defendant's motion to dismiss is GRANTED
    pursuant to Rule 9(b), the court does not consider defendant's
    Rule 23(b)(3) arguments relating to plaintiff's class action
28 allegations.

                                15