UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CAROL LEE MEINHOLD, suing individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>SPRINT SPECTRUM, L.P., a Delaware limited partnership; and defendant DOES 1 through 100, inclusive,<br><br>     Defendants. | NO. 2:07-cv-0456 FCD EFB<br><br>MEMORANDUM AND ORDER |

----oo0oo----

This matter comes before the court on defendant Sprint Spectrum, L.P.'s ("Sprint") motion to dismiss plaintiff Carol Lee Meinhold's ("Meinhold") first amended complaint pursuant to Rules 12(b)(6) and 23(b)(3) of the Federal Rules of Civil Procedure.[1] The court heard oral argument on August 10, 2007.  Subsequently,

---

[1] All future references to "Rule" are to the Federal Rules of Civil Procedure, unless otherwise noted.

the court allowed the parties to submit supplemental briefing to address its concerns regarding plaintiff's class action allegations. In her supplemental briefing, plaintiff redefined the putative class and stated that she would not be asserting claims based upon some of the theories advanced in her first amended complaint. As such, the court interprets plaintiff's supplemental brief as a motion to amend the first amended complaint. Thus, defendant's motion to dismiss plaintiff's first amended complaint is GRANTED. The court will address the parties arguments in their briefing on defendant's motion to dismiss in determining whether leave to amend should be granted.

## BACKGROUND[2]

Defendant advertises, markets, and sells cellular phone services to consumers, such as plaintiff. (Pl.'s First Amend. Compl., filed June 5, 2007 ("FAC") ¶ 2.) As part of their advertising campaign, defendant broadly represents that consumers will only be charged for roaming fees if they make calls outside of the Sprint Nationwide PCS Network or local service area (the "Network"). (Id.) Defendant also represents that consumers will not be charged excess roaming fees if they pay an additional sum of money to include roaming coverage in their plans, such as through Sprint's America Plan Roaming. (Id.) Plaintiff alleges these representations appeared both on defendant's website and in its billing statements. (Id. ¶ 3, 5.) Plaintiff further alleges defendant represents to consumers that they will only be responsible for download charges that are in excess of the

---

[2] The facts of this case are taken from plaintiff's allegations in the first amended complaint.

2

promotional credit that is included in their service plans, plus any applicable taxes. (Id. ¶ 8.)

In May 2004, plaintiff Meinhold and defendant Sprint entered into defendant's cellular phone service agreement (the "Agreement") in Rocklin, California. (Id. ¶ 6.) Plaintiff alleges that after entering into the Agreement, defendant began to charge her for roaming minutes although her calls were made within the Network. (Id. ¶ 3.) Plaintiff further alleges defendant continued to charge her for roaming minutes even after she paid an additional monthly fee to add America Plan Roaming to her plan. (Id.) Plaintiff also noticed that she was charged fees that were in excess of the promotional credit included in her plan for downloads that she did not request or receive. (Id. ¶ 8.)

On February 5, 2007, plaintiff filed this action in the Superior Court of the State of California for the County of Placer, asserting claims for violations of Business and Professions Code §§ 17200 and 17500 and violations of California Civil Code §§ 1710(2) and 1710(3). Plaintiff's claims are based upon defendant's alleged "unlawful, unfair, and fraudulent conduct in (1) charging excess roaming fees to consumers who signed up for defendant's cellular service plans, and (2) charging excess fees to consumers for downloading games, applications, ringers, screensavers, etc.." (FAC ¶ 1). On March 9, 2007, defendant removed the case to this court on the basis of diversity jurisdiction.

Plaintiff's first amended complaint seeks to bring a putative class action on behalf of "[a]ll persons residing in

3

California who purchased Defendant's cellular phone service and were charged roaming and/or download fees, during the four year period prior to the filing of this lawsuit to present." (FAC ¶ 20.)  Defendant moved to dismiss each of plaintiff's claims for failure to state a claim upon which relief may be granted and for failure to adequately allege class claims.  (Def.'s Mot. to Dismiss Pl.'s First Amended Complaint, filed July 9, 2007 ("Mot.") at 1.)

The court heard oral argument on the matter on August 10, 2007, and subsequently, allowed the parties to submit supplemental briefing.  In this briefing, plaintiff proffered a modified class definition.  (Pls.' Brief Answering the Court's Questions as Stated on the Record on 8/10/2007, filed August 24, 2007 ("Brief"), at 2.)  Plaintiff's revised, putative class is defined as

> All persons residing in California who, during the period from February 5, 2003 through September 30, 2006, (1) purchased Defendant's cellular phone service; (2) paid an additional monthly fee to add roaming coverage (e.g., the America Plan Roaming option) to his/her plan; and (3) were charged roaming fees while he/she paid for such coverage.  Excluded from the Class are persons to whom Defendant credited back the total of all roaming fees charged while such persons had roaming coverage on their plan.

(Id.)  Plaintiff clarified that her amended class definition effectively abandons her class claims regarding download charges and includes only those persons charged roaming fees when roaming coverage was part of a class member's phone plan.  (Id.) Plaintiff further clarified that her class claims for fraud are based only upon fraudulent representations contained in defendant's billing statements.  (Id. at 8.)  As such, the

4

gravamen of plaintiff's class allegations is that after paying an additional monthly fee to add America Plan Roaming to her plan in reliance on Sprint's representations that no roaming charges would be assessed under that option, defendant continued to charge her and other similarly situated persons for roaming minutes.

## STANDARD

Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires." "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997). Amendment is futile when no amendment could render the complaint sufficient to support plaintiff's claim. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (1988) ("[A]mendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (citation omitted); Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987). The proper test to determine whether a proposed amendment is legally sufficient is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). Baker v. Pacific Far East Lines, Inc., 451 F. Supp. 84, 89 (1978). Therefore, "if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied." Id.

/////
/////

## ANALYSIS

Defendant argues that plaintiff's amended putative class definition and allegations do not satisfy the requirements of Rule 23(b)(3), and thus, leave to amend should not be granted.[3] Specifically, defendant argues that plaintiff and class members could not have reasonably relied on fraudulent bills received after they signed up for Sprint's America Plan Roaming. (Response at 7.)  As such, defendant asserts that plaintiff has not alleged Sprint engaged in a common course of fraudulent conduct.  (Id. at 10; Response at 6-8.)

Rule 23(a) sets forth four prerequisites necessary to state a class action claim.  Plaintiff must allege facts demonstrating: (1) "numerous" affected persons; (2) "common questions" of law and fact; (3) that the named representative's claim is "typical" of the class; and (4) that the class is "adequately" represented. Absence of any one of the required elements of Rule 23(a) will preclude recovery.  See Rutledge v. Electric Hose & Rubber Co., 511 F.2d 668, 673 (9th Cir. 1975).  Furthermore, a class action brought pursuant to Rule 23(b)(3), like plaintiff's, requires that (1) "questions of law or fact common to the members of the class predominate over any questions affecting individual members;" and (2) that the class action device is superior to other available methods for fair and efficient adjudication of the controversy.  See Jackson v. Motel 6 Multipurpose, Inc., 130

---

[3] Defendant also contends that plaintiff is an inadequate class representative and that a class action is not a superior means of litigation in this case because plaintiff's putative class claims are not susceptible to common proof.  Because of the court's findings herein, it need not reach the merits of those contentions.

6

F.3d 999, 1005 (11th Cir. 1997) (plaintiff must demonstrate that issues subject to generalized proof predominate over issues requiring individualized proof); In re Home-Stake Prod. Co. Sec. Litig., 76 F.R.D. 351, 375 (N.D. Ok. 1977) (observing that "superiority requirement includes the problem of manageability, which encompasses the entire range of practical problems which may render any class action inappropriate").

In addition to satisfying the requirements of Rule 23, plaintiff's class allegations must sufficiently set forth a claim for fraud. To establish a claim for fraud or deceit, plaintiff must allege (1) a knowingly false misrepresentation by defendant; (2) made with the intent to deceive or induce reliance by the plaintiff; (3) justifiable reliance by the plaintiff; and (4) damages. See Leegin Creative Leather Prods. Inc. v. Diaz, 131 Cal. App. 4th 1517 (2005) (enumerating elements of fraud).

Defendant argues that plaintiff's class allegations of fraud fail with respect to the element of justifiable reliance. To sufficiently plead justifiable reliance, plaintiff must allege that defendant made a fraudulent representation which induced plaintiff to change position, thereby resulting in damages. Kruse v. Bank of Am., 202 Cal. App. 3d 38, 62-63 (1988); see also Cal. Civ. Code § 1709. "Where representations have been made in regard to a material matter and an action has been taken [by the plaintiff]," the court may then infer reliance across the putative class. Vasquez v. Superior Court, 4 Cal. 3d 800, 814 (1971) (internal citation omitted).

Plaintiff's change in position must necessarily occur after defendant's alleged misrepresentation. See Conrad v. Bank of

7

Am., 45 Cal. App. 4th 133, 157 (1996) (in order to establish a claim for fraud, it must be shown "that defendant knowingly made a false representation. . . [and] that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation"); Bank of St. Helena v. Lilienthal-Brayton Co., 89 Cal. App. 258, 262 (1928) ("[T]here can be no reliance on statements which do not come to the knowledge of a contracting party until after he has consummated the transaction.") (internal citation omitted). A plaintiff cannot rely on a misrepresentation of which she had no knowledge at the time she changed position. See e.g., Slakey Bros. Sacramento, Inc. v. Parker, 265 Cal. App. 2d 204, 208 (1968) (stating that a party cannot be defrauded by misrepresentation of which he had no knowledge at the time of his loss). "Reliance exists when the misrepresentation . . . was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or non-disclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." City Solutions, Inc., v. Clear Channel Communications, 365 F.3d 835 (9th Cir. 2005) (quoting Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (1995)).

Plaintiff's first amended complaint alleges that she changed her position by paying an additional $5 per month to add the America Plan Roaming plan. (FAC ¶ 5). Plaintiff also alleges that the fraudulent representations appeared in each billing statement she received, "*since adding the America Plan Roaming*

///

*option to her plan.*"[4] (FAC ¶ 5) (emphasis added).  Plaintiff alleges defendant's misrepresentations appeared monthly and that each bill was a "new [fraudulent] representation." (Brief at 6 (quoting August 10, 2007 Oral Arguments); FAC ¶ 5.)[5]  However, plaintiff does not allege that she changed her position after or in reliance on those alleged new misrepresentations contained in the billing statements.

Plaintiff's allegations relating to reliance on the representations contained in her billing statements are analogous to the assertions made by the plaintiff and rejected by the court in Conrad.  45 Cal. App. 4th at 159.  In Conrad, the plaintiff argued that he made purchase orders in reliance on Bank of America's fraudulent promise to issue a loan.  Id.  However, the Court of Appeals held that the plaintiff's purchase orders could not demonstrate justifiable reliance because they were dated prior to the Bank's alleged promise.  Therefore "it [was] apparent that these purchase orders could not have been issued in reliance on [Bank of America's] alleged short-lived promise of a loan.  Id.  Likewise, plaintiff alleges that she changed her

---

[4] Plaintiff alleged in her first amended complaint that defendant made misrepresentations on its website. (FAC ¶ 2.) However, plaintiff's supplemental brief clarified that she abandoned her class allegations based upon these online misrepresentations, and that her class claims are based "simply" upon defendant's written misrepresentations on its bills. (Brief at 8.)

[5] Plaintiff cites Pace Industries v. Three Phoenix Co., 813 F.2d 234 (9th Cir. 1987) in an attempt to argue that a "cause of action arises each time the plaintiff is injured." Id. at 237.  However, plaintiff's reliance on Pace is misplaced.  The court in Pace did not discuss justifiable reliance in the context of fraud.  Rather, the section quoted by plaintiff discusses the necessity of a last overt act in order to restart the statute of limitations in a cause of action in antitrust. Id. at 237.

9

position by signing up for Sprint's America Plan Roaming and paying an additional fee. However, as in Conrad, plaintiff's conduct occurred *prior* to the alleged misrepresentations in her bills. As such, plaintiff's actions could not have been conducted in reliance on the defendant's written statements in her bills.

Furthermore, the basis for plaintiff's claim of justifiable reliance is materially different from her class allegations with respect to this element. As set forth above, plaintiff alleges that she justifiably relied on the misrepresentations contained in her bills received after "adding the America Plan Roaming option to her plan." (Brief at 5 (quoting Mr. Westrup, Oral Arguments, August 10, 2007). In contrast, plaintiff asserts that "class members paid an additional monthly fee to add roaming coverage to their plan *subsequent* to defendant's representations on each monthly bill." (Brief at 9) (emphasis added). As such, plaintiff's alleged reliance is not only non-actionable, but also dissimilar to the class she purports to represent.

For these reasons, plaintiff does not have an actionable claim for fraud based upon her assertion that her billing statements from Sprint contained fraudulent representations. Plaintiff has not alleged that she justifiably relied upon any misrepresentations made by defendant. Therefore, plaintiff cannot represent the putative class. Moreover, it would be futile to permit plaintiff to amend her complaint because she

///
///
///

10

cannot do so without contradicting her current, proposed allegations.[6]

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's first amended complaint is GRANTED and plaintiff's motion to amend her class allegations and file a second amended complaint is DENIED.  Plaintiff's individual claims do not give rise to federal subject matter jurisdiction.[7]  Therefore, plaintiff's individual claims are REMANDED to state court.

IT IS SO ORDERED.

DATED: October 2, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Defendant argued in its motion to dismiss that plaintiff's claims should be dismissed for failure to state a claim.  In support of its contention, defendant sought to rely on extrinsic evidence, including a declaration and a spreadsheet of plaintiff's bills created by defendant.  Such evidence is not subject to judicial notice.  Moreover, plaintiff objected to the court's consideration of defendant's records.  Cf. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (considering documents "whose authenticity no party questions" on a motion to dismiss) (overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

A motion brought pursuant to Rule 12(b)(6) addresses only the sufficiency of the allegations in the complaint.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  To the extent defendant's arguments relating to injury are based on facts outside of the complaint, the court cannot consider such facts under a Rule 12(b)(6) analysis or under a futility analysis under Rule 15(a).

[7] Plaintiff's case was removed to federal court on the basis of diversity jurisdiction because plaintiff's class allegations satisfied the amount in controversy requirement; plaintiff's individual claims do not satisfy the amount in controversy requirement.